WELCH, Judge,
dissenting.
I respectfully dissent. For the reasons that follow, I would affirm.
“ ‘Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a “seizure” of “persons” within the meaning of the [Fourth Amendment].’ ” Brown v. State, 821 So.2d 219, 223 (quoting, Whren v. United States, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (citations omitted)). The majority concludes that because Cpl. Richerson determined that Ellis was not intoxicated and, thus, not arrested on charges of driving while intoxicated, Ellis was no longer “seized” after the traffic citation was signed, as he alleges, but, rather, that Ellis was released from custody and free to leave when the traffic citation was signed. Cpl. Richerson testified that if Ellis had said “no” to his request to search the Escalade, he “could’ve been on his way.” (R. 18.) Based on that scenario, the majority found that Ellis’s consent to search his vehicle was not the product of government restraint, but was given after his freedom to leave had been restored and, thus, that the search that followed was legal.
I agree that Ellis was no longer seized after the citation was completed. Black’s Laiv Dictionary defines “seizure” as: “The act or an instance of taking possession of a person or property by legal right or process; esp., in constitutional law. A confiscation or arrest that may interfere with a person’s reasonable expectation of privacy.” Black’s Law Dictionary 1389 (8th ed.2004). Wayne R. LaFave, Search and Seizure, A Treatise on the Fourth Amendment, § 2.1(a) (4th ed.2004), defines seizure of a person as:
“[N]ot only full-fledged arrests, but also ‘investigatory detentions’ and any other ‘detention’ of the [person] against his will. All that is required, the Court declared in Terry v. Ohio, [392 U.S. 1 (1968),] is that an ‘officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen’ (which, when there is no physical force to restrain movement, means the person must have submitted to the assertion of authority). But as the Court later cautioned, ‘a person has been “seized” within the meaning of the *50 Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave’ (except that when a person’s ‘freedom of movement [is] restricted by a factor independent of police conduct,’ then ‘the appropriate inquiry is whether a reasonable person would feel free to decline the officers’ request or otherwise terminate the encounter’). In addition, however, it is necessary that there have been ‘a governmental termination of freedom of movement through means intentionally applied’ as the Fourth Amendment does not address ‘the accidental effects of otherwise lawful government conduct.’ ”
I agree with the majority’s determination that because Cpl. Richerson determined that there was no probable cause to arrest Ellis for driving under the influence, and because Ellis was free to leave whenever and with whomever he wished to leave, there was no “governmental termination of freedom of movement through means intentionally applied,” and, thus, Ellis was no longer seized after signing the traffic citation. However, because Cpl. Richerson interrupted Ellis’s freedom to use his Escalade to immediately drive away following the completion of the traffic citation, Cpl. Richerson did, in my opinion, seize the Escalade.
Wayne R. LaFave, Search and Seizure, A Treatise on the Fourth Amendment, § 2.1(a) (4th ed.2004), states that “[t]he ‘act of physically taking and removing tangible personal property is generally a “seizure.” ’ Or, as the Supreme Court has put it, a ‘seizure’ of property occurs when ‘there is some meaningful interference with an individual’s possessory interests in that property.” Here there was clearly a “meaningful interference” with Ellis’s pos-sessory interest in his Escalade. However, based on Cpl. Richerson’s testimony, there was no probable cause that would have justified Cpl. Richerson’s seizure of the Escalade at the time it was seized. “ ‘If the seizure involves anything more than the brief and narrowly defined intrusion authorized by Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ], it must be justified by probable cause.’ ” Jordan v. State, 549 So.2d 161, 164 (Ala.Crim.App.1989) (discussing seizure of a person) (quoting Kraus v. County of Pierce, 793 F.2d 1105, 1109 (9th Cir.1986)). Officer Richerson conceded that he had no probable cause to suspect that a crime involving illegal drugs had been or was being committed following his investigation and issuance of the traffic citation. Absent probable cause, there was no justification for the seizure of the Escalade prior to developing probable cause for the search. Cpl. Richerson testified as follows:
“Q. And the purpose of why you went to the vehicle was over? You didn’t— you had no reason to believe he was under the influence; correct?
“Because you had determined he was—
“A. No. He was under — he wasn’t under the influence to a point that I would sufficient an arrest.
“Q. Precisely. And—
“A. I was not going to let him leave with that vehicle, no.
“Q. You were not going to let him—
“A. He was not driving away in that vehicle.”
(R. 11-12.)
It is undisputed that the Escalade was seized prior to the free-air investigation conducted by Cpl. Richerson using the K-9 dog.
As Judge Main notes in his dissent:
“Had Ellis simply left his vehicle at the scene and departed, as the majority suggests, then the officer could have still *51 conducted the free-air search with his K-9 unit on the then ‘abandoned’ vehicle. Or, had Ellis declined consent and remained at the vehicle, the officer could have still conducted the free-air search with his K-9 unit on the vehicle. As Richerson stated: ‘but at that point he could have denied consent. But, also, I would’ve still had — you know, it’s— that’s free air. I’m allowed to search the exterior of that vehicle.’ ”
71 So.3d at 52-53. The circuit court may have noted that the vehicle had been seized at the time Ellis gave consent and known that the doctrine of “inevitable discovery”[2] would not apply to the facts of this case because Cpl. Richerson planned to utilize his K-9 dog to sniff around the Escalade only after he had already seized it.
The circuit court stated:
“Whereas, if there had been someone there to drive his car, he would’ve just said see you and you would’ve said see you because you’ve already given him his little ticket and they’re out of there?”
(R. 18.)
Therefore, although the circuit court stated no legal ground for its decision to grant the motion to suppress, this court may affirm a trial court’s ruling if the ruling is correct for any lawful reason, even one not stated. See Hoobler v. State, 668 So.2d 905, 906 (Ala.Crim.App.1995); Pernita v. State, 897 So.2d 1161, 1183 (Ala. Crim.App.2003), aff'd, 897 So.2d 1227 (Ala.2004). I would affirm the circuit court’s ruling suppressing the evidence discovered pursuant to what I believe was an unlawful seizure of the Escalade.

. See e.g., note 3 in State v. McClure, 53 So.3d 169, 173 (Ala.Crim.App.2010). "In order for illegally obtained ‘evidence to qualify for admission under [the inevitable-discovery exception] to the [Fourth Amendment] exclusionary rule, there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were being actively pursued prior to the occurrence of the illegal conduct.’ Jefferson v. Fountain, 382 F.3d 1286, 1296 (11th Cir.2004).”